# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLARENCE D. SCHREANE,<br><br>Petitioner,<br><br>v.<br><br>S. LAKE,<br><br>Respondent. | No. 1:18-cv-00732-SKO HC<br><br>**FINDINGS AND RECEOMMENDATION TO DISMISS HABEAS PETITION FOR LACK OF HABEAS JURISDICTION**<br><br>**COURT CLERK TO ASSIGN DISTRICT JUDGE**<br><br>**(Doc. 1)** |

On May 29, 2018, Petitioner Clarence D. Schreane, a federal prisoner proceeding *pro se*, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner is currently incarcerated at the United States Penitentiary, Atwater ("USP Atwater"), where he is serving a sentence of 327 months' imprisonment. In 2001, Petitioner was convicted in the Eastern District of Tennessee of being a felon in possession of a firearm in violation of 18 U.S.C. §§922(g)(1), 924(e).

Petitioner alleges ineffective assistance of counsel and challenges his conviction based on the Interstate Agreement on Detainer Act. (Doc. 1 at 7.) Petitioner filed a motion to dismiss the indictment with his petition for writ of habeas corpus.

//

**I.     DISCUSSION**

A federal prisoner who seeks to challenge the validity or constitutionality of his federal conviction or sentence must do so by filing a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. *Tripati v. Henman*, 843 F.2d 1160, 1161-62 (9th Cir. 1988); *Stephens v. Herrera*, 464 F.3d 895, 897 (9th Cir. 2006). In such cases, only the sentencing court has jurisdiction. *Tripati*, 843 F.2d at 1163. Petitioner challenges the validity and constitutionality of the sentence imposed by the Eastern District of Tennessee, rather than the administration of his sentence at USP Atwater. As such, proper procedure required him to file a motion pursuant to § 2255 in the Eastern District of Tennessee rather than a petition pursuant to § 2241 in this Court. Petitioner does not explicitly address this issue.

A prisoner may not collaterally attack a federal conviction or sentence using a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, as Petitioner does in this case. *Tripati*, 843 F.2d at 1162. A prisoner challenging the manner, location, or conditions of the execution of his sentence may bring a petition for a writ of habeas corpus under 28 U.S.C. § 2241 in the district in which he is in custody. *Stephens*, 464 F.3d at 897; *Hernandez v. Campbell*, 204 F.3d 861, 864-65 (9th Cir. 2000). A motion under 28 U.S.C. § 2255 is the exclusive means by which a federal prisoner may test the legality of his detention. *Stephens*, 464 F.3d at 897. Restrictions on the availability of a § 2255 motion cannot be avoided by filing a petition under 28 U.S.C. § 2241. *Id.*

If a federal prisoner can demonstrate that the remedy available under § 2255 is "inadequate or ineffective to test the validity of his detention," however, he may nonetheless seek relief under § 2241. *United States v. Pirro*, 104 F.3d 297, 299 (9th Cir. 1997) (quoting 28 U.S.C. § 2255); *Hernandez*, 204 F.3d at 864-65. The exception is very narrow. *Ivy v. Pontesso*, 328 F.3d 1057, 1059 (9th Cir. 2003). The remedy under § 2255 usually will not be deemed inadequate or ineffective merely because a prior § 2255 motion was denied or because a remedy under

§ 2255 is procedurally barred. *See Aronson v. May*, 85 S.Ct. 3, 5 (1964); *Tripati*, 843 F.2d at 1162-63; *Williams v. Heritage*, 250 F.2d 390, 390 (9th Cir. 1957); *Hildebrandt v. Swope*, 229 F.2d 582, 583 (9th Cir. 1956).

Section 2255 provides an inadequate and ineffective remedy, thereby permitting a petitioner to proceed under § 2241, when (1) the petitioner makes an claim of actual innocence and (2) has never had an unobstructed procedural shot at presenting the claim. *Stephens*, 464 F.3d at 898. The burden is on the petitioner to show that the remedy is inadequate or ineffective. *Redfield v. United States*, 315 F.2d 76, 83 (9th Cir. 1963).

The petition does not set forth a claim of actual innocence. In the Ninth Circuit, a claim of actual innocence for purposes of the § 2255 savings clause is tested using the standard articulated by the U.S. Supreme Court in *Bousley v. United States*, 523 U.S. 614 (1998). *Stephens*, 464 U.S. at 898. "To establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Bousley*, 523 U.S. at 623 (*internal quotation marks omitted*). The petitioner bears the burden of proof. *Lorentsen v. Hood*, 223 F.3d 950, 954 (9th Cir. 2000).

Here, Petitioner does not assert that he was factually innocent of the crime of which he was convicted, and challenges only his sentence based on Interstate Agreement on Detainer Act. The savings clause requires him to prove that he is actually innocent of the crimes for which he was convicted—not that the sentence was erroneously imposed. *See Ivy*, 328 F.3d at 1060; *Lorentsen*, 223 F.3d at 954. As a result, the § 2241 petition now before the Court does not fit within the exception of the general bar against using § 2241 to collaterally attack a conviction or sentence imposed by a federal court. *Lorentsen*, 223 F.3d at 954. *See also Harrison v. Ollison*, 519 F.3d 952, 959 (9th Cir. 2008); *Stephens*, 464 F.3d at 898-99.

//

Petitioner has not demonstrated that § 2255 constitutes an inadequate or ineffective remedy for raising his claims, because he did not make a claim for actual innocence or demonstrate that he was procedurally barred from bringing his claim. Therefore, § 2241 is not the proper statute for raising Petitioner's claims, and the undersigned recommends the petition be dismissed for lack of jurisdiction.

## II. CONCLUSION AND RECOMMENDATION

The undersigned recommends that the Court dismiss the Petition for writ of habeas corpus without prejudice and that the Court decline to issue a certificate of appealability.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C § 636(b)(1). Within **thirty (30) days** after being served with these Findings and Recommendations, either party may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections, if any, shall be served and filed within **fourteen (14) days** after service of the objections. The parties are advised that failure to file objections within the specified time may constitute waiver of the right to appeal the District Court's order. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 ((9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

The Court Clerk is hereby directed to assign a district judge to this action.

IT IS SO ORDERED.

Dated: **June 5, 2018**  /s/ *Sheila K. Oberto*
UNITED STATES MAGISTRATE JUDGE

4